IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE FLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3095 |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| NEBRASKA-OMAHA DISTRICT PAROLE OFFICE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court sua sponte. The plaintiff, Lawrence Flemons, brought this action for damages and injunctive relief because his parole had been jeopardized or revoked as a result of his placement in a facility with religious requirements inconsistent with his religion and with work requirements inconsistent with medical restrictions on his ability to work. After he filed his complaint, however, the plaintiff was discharged from the custody of the Nebraska Department of Correctional Services ("DCS"). Therefore, it appears that this case has become moot.

    Because the plaintiff filed this action as a prisoner, his complaint is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA bars the plaintiff from recovering damages for mental anguish or emotional distress unless the plaintiff also suffered a physical injury. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff sustained no physical injury, and the only damages he alleges are in the nature of mental and emotional suffering. Consequently, no compensatory damages are recoverable by the plaintiff in this case.

    In addition, the Eleventh Amendment to the United States Constitution bars the plaintiff from recovering monetary relief from the defendants in their official capacity. A suit against a public employee in his or her official capacity is treated as a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). The Eleventh Amendment bars claims for damages by private parties against a state, a state agency, or a state employee in his or her official capacity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." No waiver applies to this litigation.

    The PLRA does not preclude recovery of nominal or punitive damages from the

defendants in their individual capacity, or declaratory and limited injunctive relief against the defendants in either capacity, if appropriate. In this case, however, injunctive relief is not appropriate as the plaintiff has been discharged from custody. "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999). When "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot." Id. at 857, *citing* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). The same is true after release from confinement. Thus any claim for injunctive relief in this case has become moot.

THEREFORE, IT IS ORDERED:

1. That by no later than November 15, 2005, the plaintiff shall file a pleading entitled Response to Order to Show Cause explaining any reason the plaintiff may have why the above-entitled case should not be dismissed without prejudice as moot; and

2. That in the absence of sufficient cause shown by the deadline stated above, this case may be subject without further notice to dismissal without prejudice by District Judge Laurie Smith Camp.

DATED this 31st day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge